UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

SHAWN A. WELLS,

        Plaintiff,

vs.

TEREASA A. WELLS,

        Defendant.
------------------------------------------------------------

CASE NO. 1:13-CV-2225

OPINION & ORDER
[Resolving Docs. No. 3, 7]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this case, Plaintiff Shawn Wells says that his estranged wife, Defendant Tereasa Wells, installed a program called "spybubble" on his cell phone and monitored his phone calls, text messages, and emails for eighteen months. Plaintiff brings motions asking the Court (1) to issue a temporary restraining order prohibiting Defendant from disclosing any of Plaintiff's cell phone calls, text messages, or emails, especially in his upcoming divorce hearings and trial, and (2) to issue subpoenas duces tecum regarding Defendant and "spybubble" to the FBI, the Department of Homeland Security, and USAA Bank.[1/] For the below reasons, the Court **DENIES** Plaintiff's motions.

Plaintiff's motion for a temporary restraining order asks the Court to assuage Plaintiff's "concern that the Defendant[']s disclosures will be admitted into evidence at upcoming hearings, or the trial set to take place on January 13th, 2013 [sic]."[2/] Generally, in the interest of judicial economy, federal courts may abstain from hearing a case when there is similar litigation pending in

---

[1/] Docs. 3 (Motion for temporary restraining order), 7 (Motion for subpoenas duces tecum).
[2/] Doc. 3 at 2.

Case No. 1:13-CV-2225
Gwin, J.

state court to avoid unnecessary duplication.[3/] Moreover, federal courts have adopted a "policy of discretionary non-interference in state court proceedings for reasons of comity and federalism."[4/] Plaintiff's motion for a temporary restraining order asks this Court both to intrude upon the Court of Common Pleas' right to control the state divorce proceedings and to duplicate the Court of Common Pleas' consideration of issues related to the divorce proceedings. The Court of Common Pleas, not the federal courts, is the more appropriate forum for Plaintiff's request for a temporary restraining order.

Plaintiff also asks the Court to issue subpoenas duces tecum to the FBI, U.S. Department of Homeland Security, and USAA Bank.[5/] Plaintiff, however, simply says that such subpoenas are necessary "so that the Plaintiff can further substantiate the claims outlined in his complaint."[6/] When a party requests a district court's assistance in enforcing or procuring a subpoena, the district court uses its discretion to determine whether the factual circumstances of the case dictate that the documents are needed.[7/] The movant has the burden to show that the requested materials are relevant to the case.[8/] Moreover, where a party has an adequate opportunity to discover requested material

---

[3/] *Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 806 (6th Cir. 2004) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817-18 (1976)).

[4/] *Schilling v. White*, 58 F.3d 1081, 1084 n.3 (6th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[5/] Doc. 7.

[6/] *Id.* at 1.

[7/] *See, e.g., United States v. Nixon*, 418 U.S. 683, 702 (1974) ("Enforcement of a pretrial subpoena duces tecum must necessarily be committed to the sound discretion of the trial court since the necessity for the subpoena most often turns upon a determination of factual issues."); *Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984) (same).

[8/] *See United States v. King*, 164 F.R.D. 542, 546 (D. Kan. 1996) (describing that the movant has the burden to "make a threshold showing of a specific demand for relevant and admissible material"); *Gen. Fin. Corp. v. N.Y. State Rys.*, 1 F. Supp. 381, 382 (W.D.N.Y. 1931) ("A subpoena duces tecum will be issued on order of the court upon satisfactory preliminary proof that the documents are prima facie competent and material evidence in the case.") (citing *Dancel v Goodyear Mach. Co.*, 128 F. 753 (C.C.D. Mass. 1904)).

Case No. 1:13-CV-2225
Gwin, J.

through the normal discovery process, a district court may refuse to enforce a subpoena.[9]  Here, other than suggesting that the requested documents relate to Defendant and "spybubble," Plaintiff has not shown that the materials he seeks from the third parties are relevant to his claims.  Nor has Plaintiff shown that he will be unable to obtain the material from Defendant through the normal discovery process.

The Court therefore **DENIES** Plaintiff's motions for issuance of subpoenas and for a temporary restraining order.

IT IS SO ORDERED.


Dated: November 22, 2013                              s/      *James S. Gwin*
                                                      JAMES S. GWIN
                                                      UNITED STATES DISTRICT JUDGE

---

[9] See *Buhrmaster v. Overnite Transp. Co.*, 61 F.3d 461, 464 (6th Cir. 1995) ("Because the plaintiff here had adequate opportunity to discover this material through the normal discovery process, the district court did not abuse its discretion in quashing the subpoena.")